**Wanda BROWN, Plaintiff–Appellee,**

v.

**MASSACHUSETTS CASUALTY INSURANCE COMPANY, Defendant–Appellant.**

No. 00–55570.

D.C. No. CV–92–06724–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2001 *.

Decided Oct. 12, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BRUNETTI, RYMER and WARDLAW Circuit Judges.

MEMORANDUM **

Defendant–Appellant Massachusetts Casualty Insurance Company ("Mass Casualty") appeals from the district court's award of punitive damages in favor of its insured, Plaintiff–Appelle Wanda Brown ("Brown"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

Mass Casualty argues that the district court erred in its award of punitive damages because no clear and convincing evidence exists in the trial record to support an award of punitive damages. We previously remanded this case to the district court so that it could make the appropriate findings, if any, under California law to support an award of punitive damages.

** This disposition is not appropriate for publication and may not be cited to or by the

*See Brown v. Mass. Cass.*, No. 97–56253 (affirming in part and reversing in part the district court's decision).

In California, punitive damages may be awarded if malice, oppression or fraud are found by clear and convincing evidence. Cal. Civ.Code § 3294. The district court held that sufficient evidence existed in the record to show malice, oppression and fraud. The court concluded that Mass Casualty's failure to get an additional opinion from a properly informed consultant constituted an act of malice or oppression. Furthermore, the court found that Mass Casualty's failure to disclose Dr. Doyle's letter suggesting a second opinion was a fraudulent act. The court concluded that the above actions were done intentionally and willfully, in particular in light of the extent and documentation of Brown's disability. The court set out specific facts that support an award of punitive damages under California law. We hold that the district court did not abuse its discretion in awarding punitive damages.

AFFIRMED.

courts of this circuit except as may be provided by Ninth Cir. R. 36–3.